Both because Travelers was not required to appeal the decision of the Determinations Review Board, and also because even if exhaustion did apply and Travelers did have to appeal that decision, the exhaustion argument is no longer a bar to the court's subject matter jurisdiction. Now, in its brief, the Apolli Jet... Can you adjust that microphone? Sure, certainly. In its brief, the Apolli Jet Midwest made two important concessions, and I'd like to start there because I think they really narrow and crystallize the issues on this appeal. Number one, Jet Midwest agrees that Missouri law does not require exhaustion unless there's a statute that provides a right for a formal hearing. If there is not, then exhaustion is not required, and the district court's opinion needs to be reversed. But secondly, Jet Midwest concedes and agrees now that exhaustion is not a requirement for the court's subject matter jurisdiction, despite the So, right at the outset, we have the Apolli making two tacit admissions that, in two fundamental respects, the district court misapplied Missouri law. Now, with that in mind, I will begin with point one, which is that Travelers was not required to appeal the board's decision. Now, the district court reasoned that we did have to appeal the decision, even though we admittedly had no right to a hearing on that. That ruling by the district court runs directly counter to the holdings of the Missouri Supreme Court in the Hamby v. City of Liberty case and the Strasvowski v. City of Springfield case. It also runs contrary to holdings from the Court of Appeals in the Nowden case and the Coleman case. Understandably, as I mentioned, Jet Midwest has abandoned the district court's position on that issue. Instead, Jet Midwest's position on the appeal is that Travelers did, in fact, have a right to a formal hearing. That would make this case a contested case under Missouri law and trigger the right or the requirement of exhaustion. Jet Midwest is simply wrong on the law on that point. Number one, the Missouri Department of Insurance itself, that's the very body that Jet Midwest says we should be deferring to and the court should be deferring to, they've weighed in on this precise question and they expressly agree with Travelers and expressly disagree with Jet Midwest. According to the department, the review board conducts a non-contested hearing, and I'm reading from an order from the department, the review board conducts a non-contested hearing pursuant to section 287.335 in that the statute does not require a formal hearing. And then here's the key line. Appeals of review board decisions are authorized and will be reviewed by the department as non-contested cases. Now where is that in the appendix? So this is in the the supplemental addendum, page one of that. And that's because it's an unpublished opinion of the Missouri Department of Insurance. To what is it addended? Well, it was originally, it's styled that way because it was attached to the reply brief. We subsequently filed a motion for leave to file a supplemental addendum pursuant to local rule 32.1a, which says if we cite an unpublished opinion in a brief or at the oral argument, I must provide a copy to the court. So that's what we've endeavored to do. It's not attached to the reply brief. It's not. It's filed separately. Yeah, okay. Correct. We attached it to the motion for leave. So we actually attached, I believe, three orders, all that say the same thing. That not only the hearing itself at the determinations review board is a non-contested matter, but that according to the department which reviews those decisions, that is also a non-contested matter. And that's how they do their review. You mean the director's review? Correct. Yeah. Correct. So that alone ought to resolve this inquiry because this is the very board to whom Jet Midwest claims we should all be deferring. They disagree with Jet Midwest and they disagree with the district court. They expressly say it's a non-contested case. Secondly, as the department recognized in the order I just read from and as the district court recognized, nothing in our operative statute, which is 287.335, requires or even alludes to a hearing at all. Not to by the City of Valley Park versus Anderson case out of Missouri. Those trappings of formality would include sworn testimony, cross-examination of witnesses, the application of rules of evidence, an evidentiary record, and written findings of fact and conclusions of law. None of that is required or indeed even mentioned in section 287.335 or in the regulation promulgated there under in Missouri. They make no reference to that. Now, in an effort to a hearing requirement with which to hook and anchor their opinion or their position in the appeal, Jet Midwest points to one source and it's a different regulation from a different chapter of the code. This is chapter one of division 800. By its terms, on a plain reading of that regulation, it does not apply to matters arising out of chapter 287. It's limited to actions by the director to impose civil penalties or enforce forfeitures for violation of the state insurance laws. That is not what we have here. By contrast, the regulation that we cite is specific not just to disputes about workers' compensation insurance, which is what this dispute is, it's specific to disputes about the residual market for workers' compensation insurance. And going further, it's specific to disputes about the classification codes in the residual market for workers' compensation insurance. So in other words, the issue we have here, and it does not provide a right to a hearing, formal or otherwise. It simply refers back to the governing statute. No court has ever held that section 287.335 requires exhaustion. Jet Midwest has not met its burden of showing you why this court should be the first one to do so. Also, briefly, the policy rationale for exhaustion really is not applicable here. You see from the Calico case cited by Jet Midwest, it talks about, you know, the fact that there may be premature or it may be potentially unnecessary for the court to intervene in a state administrative matter. Well, none of that is the case here. This board decision, the hearing was in August of 15. The decision came in September of 2015. We're here almost three years later. The board decision itself says that appeals have to be made within 30 days. Here, in this court, nothing left for the board to do or for the director of the Department of Insurance to do. So there's no basis for deferring to that process or letting that process play out. There is no further process. Similarly, you know, at this point, the relief, the administrative remedy is unavailable or futile, as was discussed in the prior case. Counsel, a question for the board. Am I correct that it includes two counts, one for breach of contract, one for account stated? That is correct, your honor. It asked for, it requests money damages in a sum of not less than $538,000. That is correct. And it's silent as to any administrative review proceedings. That is correct. It's a plain vanilla lawsuit for money owed. That is right. It's a collection case at its heart. So when did the exhaustion, administrative remedy issue, when was that injected into the district court proceeding? So the defendant sought leave to amend its answer to plead our failure to exhaust administrative remedies and then filed a motion for partial summary judgment on that basis. And that's really important. The defendant did not ask for the case to be dismissed because of the jurisdictional issue on exhaustion, because they recognized, one, that the court retains jurisdiction, but two, that the issue of the board's decision doesn't resolve the entire case. Okay. So that lead, that statement leads to this question. Under the board's decision as it stands, no matter how you look at it, in traveler's view, was there money, was there still money owed? That is correct, your honor. So our auditor did the calculations and they're at page 16 of the addendum to our opening brief, and you can see them, that if you take, because the board did not calculate money owed, the board calculated allocation of payroll. If you take exactly what the board found, the allocation of payroll, and you multiply it by the class code, the percentages, and you do the math, what you find is that it's uncontroverted that the defendant owes an additional $241,870.67 in policy. Did someone explain this to Judge Smith? We, it's in the briefing. It's, again, the issue of dismissal or jurisdiction wasn't, wasn't briefed because it wasn't before the court, because the court dismissed sua sponte, the case. What we had was, was the defendant's motion for partial summary judgment. Did anybody file anything after the order, the dismissal order? After the dismissal order, no. We certainly, it was briefed and briefed extensively, both in Traveler's motion for summary judgment and in the partial motion for summary judgment that, that was filed by, by Jet Midwest. So that leads directly to the second point, which is that because Jet Midwest has conceded that this is not a jurisdictional issue, then that means the court has no choice but to look at what effect the board's decision has on the case. Even if this court believes that exhaustion was required, that Travelers had to do it and failed to do it, then the next question becomes, how does that affect the case? If anything, the board's finding that Jet Midwest should have had payroll in that higher class code, that 5037 code. What that means is that that's essentially a finding that Jet Midwest breached the insurance policy by not paying the premium that Travelers billed. So, you know, if anything, the board's decision, if it's going to be applied, both sides had issues with it. Both sides had problems with it. It rejected the Jet Midwest position, in fact, at the hearing. They argued that only the, the portion of the payroll where their employees were physically above 30 feet ought to be put in this class code for painting over 30 feet. So on a per plane basis, you could say, well, I was up on a, on a forklift for, or I was up on a ladder for, you know, for, for two hours, so only that time. But the board expressly rejected that and said, no, you can't do that. You. So in your view, how should this case have played out in the district court? So number one, we don't think exhaustion was required at all of the board's decision. Okay. I understand all that, but. Number. In your, in your, in your mind, in your view, the complaint was filed. It should have gone forward at some point. The plaintiff would be required to come forward with its proof. And I assume at that point, the, this board decision would, certainly would be relevant, right? I, I think that. That's going to determine how much money is owed. Well, if, if it's binding on us now, if, if in fact we, it, it were, it's because we did not appeal that, it's binding on us today. If. But my question is, shouldn't that have come into play further into the, into the administration of this lawsuit? Shouldn't that have been, been, you know, involved issues that, that would have been interjected at trial or maybe motion for summary judgment to limit the amount of the recovery? I don't know. It could have gone any number of ways. In that latter point, it really is how it played out. Travelers initially filed a motion for summary judgment, not just asking for the board, but relief pursuant to what its auditor calculated. What, that's the 538 that you said, that you read in the complaint. Then in response, on the same day, the, the defendant filed a motion for partial summary judgment saying, no, we're stuck with what the board found, and we ought to be barred from challenging the board. The practical answer to your question. Do you agree with that? You agree you're stuck with what the board found? No, I, we don't agree with it. And the reason is because it was a non-contested case that we did not have to appeal or exhaust that administrative remedy. So our position is that we're not stuck with it, but even if the court feels otherwise and thinks that we are indeed stuck with it, it's uncontroverted that the defendant still owes over $241,000. If you want to go back and re-litigate what the board decided because you say it's not binding on you. Well, that's correct. And, and the, and the practical. So what would be the relevance of it then? Well, and the practical issue here is that both sides have bones to pick with what the board found. It accepted and rejected arguments of both sides. So as a practical matter as to why it didn't come up sooner, people had had, you know, people disputed the board in different respects. Both sides did initially. So, you know, you could take the position that it's simply out of the case and it's not relevant. We spent a great deal of time in discovery, for example, trying to determine what did the board decide and who took what position before the board. This is why the non-exhaustion issue is important because in a non-contested case where there is no formal record for us to look at or, or sworn testimony across examination, we're all going back after the fact trying to figure out what the board said and we could have a whole trial on that, you know. And so that's why exhaustion is not required because it doesn't give a good, a good source of review for the, a good record for this court or for any court to review. What is the effect of what the board does then? In a lawsuit like this, you say it's not binding on anyone. Well, that's true. What is the effect of it as a practical matter? Because, well, absent a lawsuit, the parties would be required to follow it or appeal it to the director. It gives a low cost and a much speedier mechanism for the uninsured and the carrier for the state residual market to try and adjudicate these kinds of disputes. So sometimes the parties just go along, acquiesce, and accept it, use it, use it going forward. Absolutely, absolutely. So, so it's still a useful mechanism set up by the state, you know, but in a court here, it doesn't provide any record, you know. So if this was an action for administrative review, for example, we'd be looking at, we'd be doing a de novo review at the trial court, the district court, because there'd be no record for which to look at, from which, you know, it came out of this. All we have is this, or is this, you know, decision made by the board to which nobody can agree what it means. Quickly, one, one question on, on the other issue, which is that you argue that summary judgment should be granted. Is that actually before us, or is that beyond the scope of this appeal? So let me acknowledge, first of all, that the district court denied the cross motions as moot. So this court could absolutely reverse and remain for the district court's consideration of those motions. It could absolutely do that. However, I don't, I do think it's before this court if the court wants to look at it. And that's because, you know, the cases say if the record is clear enough at this court, this court has the power to enter, enter an order or to instruct the district court to enter an order that ought to be granted based on the clear record. So our position is that the record is clear, that it could give full summary judgment for the full amount owed, or alternatively enter a summary judgment on liability and leave the damages issue. Because Jet Midwest submitted a number of different scenarios of how this, of what the payroll might be. Travelers showed that in each scenario they owed additional premium. Because Jet Midwest never calculated the premium, they just changed the allocation of the payroll. If you have to convert the payroll to premium, only travelers in this case did that. And our auditor did it, and they're in written calculations, and all of that is uncontroverted. So it's for that reason that we believe that the court can go, does not have to, but could go a step further, and actually award summary judgment or instruct the district court to enter summary judgment for travelers. Thank you. Very well. Thank you for your argument. Mr. Gasper, we'll hear from you for the appellee. Good morning, Your Honors, and may it please the court. My name is Adam Gasper. I'm here on behalf of Jet Midwest Technic. The order of the district court dismissing without prejudice travelers' claims for breach of contract and for accounts stated should be affirmed. The problem with this case is what travelers wants to do, and both of their claims rely on, is totally disregarding what occurred in an administrative process. Part of this dispute was brought before the determinations review board, which made a decision about how to calculate and allocate certain of Jet Midwest payroll among certain classification codes that then go into a calculation as to how much premium is owed. The two claims filed, the one for breach of contract and the one for accounts stated, both rely on the fact that they sent us a bill for the right amount, which never occurred, because instead of doing what the determinations review board said to do, they just ignored it and filed a lawsuit. The problem is that the determinations review board ruling gave travelers an opportunity to appeal to the Department of Insurance if they didn't like the ruling. They didn't do that. Now they want to say, well, we didn't have to do that because the original proceeding before the determinations review board wasn't a contested case and we didn't get to put on evidence, et cetera. Counsel, how was it contested? I mean, what aspects, there's certain requirements for it to be contested, and what I'm wondering is how that administrative proceeding meets those requirements. It did not. The proceedings before the workers' determinations review board. Please stick with the microphone there because these are recorded, these proceedings. Thank you. Thank you, Your Honor. The proceedings before the determinations review board were not a contested case. They didn't meet the requirements for a contested case, but that's not the end of the inquiry. The court has to then look at what other procedures were available because under Missouri law, if there are available administrative appeals, those have to be pursued if the administrative decision is to be a challenge, and that's for a contested or a non-contested case. And here, Missouri law is clear that there were available administrative appeals. Specifically, Section 370, well, first of all, the statutes that govern the residual marketplace, which provide for the hearing before the determinations review board, provide specifically for an appeal to the director of the Department of Insurance. And then, if such an appeal is made, it would be governed under the statutes governing the Department of Insurance. And those statutes include Section 374.055, which provides that any interested person aggrieved by any order of the director shall be entitled to a hearing before the director in accordance with the provision of Chapter 536. Chapter 536, of course, then being the statutes that relate to administrative appeals process. Counsel, what about the fact that by statute, when you're dealing with a non-contested case, and you now concede it's not contested, it's non-contested. Then under Missouri law, it says, in the review of a non-contested decision, the circuit court hears evidence, determines facts, and judges the validity of the agency decision. Conducting such a hearing as an original action, which indicates that the circuit court and the state trial court gets to start over, as if the initial proceeding never happened. What do you make of that statute? Is that relevant here? I think that it is a different situation than we have here. The situation we have here is not a direct attack on the administrative determination at all. It's sort of a roundabout way of attacking it, but they're not attempting to attack the findings of the administrative body. They're simply trying to ignore them entirely. And in a situation like this, where they haven't actually exhausted their administrative appeals, they're bound by the decision in a non-contested case. Isn't that what the statute contemplates, though? If in a non-contested case, the district court gets to start over, that's exactly what they're trying to do. They're trying to ignore the administrative decision and have the court start over and re-decide the issue. Isn't that what's contemplated by the statute? I don't think so, Judge. I think what's contemplated by the statute and by Missouri law is that if there is an administrative process, including an appeals process, that that process has to be exhausted. And where that process is not exhausted, the determination is binding and cannot be attacked in a circuit court proceeding. The circuit courts in Missouri do not have authority to review anything, to review an administrative decision where there hasn't been a final order. Suppose they took it all the way up and the commissioner or the director makes a decision and now they want to start this thing anew. Is that acceptable or unacceptable in your view? It depends on at what stage of the proceedings you're talking about. The way I view this statutory scheme is that when the Workers Determinations Review Board makes a decision like it did here, then they get to go to the director of the Department of Insurance. And the director of the Department of Insurance then, under the statute, they have a right to a hearing if they don't like what the director of the Department of Insurance says. Which statute now, 374055? Yes, Your Honor. Well, now that statute seems to enumerate certain chapters of the code to which it applies. It does, Your Honor, but that's after saying any interested person agreed by any order of the director under the laws of this state relating to insurance in this chapter, which includes Chapter 374, which is the chapter that provides for this grievance procedure and also the chapter which governs. No, it's an order of the director relating to insurance in this chapter. Do you think that means? I thought your order was under Chapter 287. Chapter 287 is the Determinations Review Board order, but the order that would be, 287 also gives the right to appeal to the director of insurance, which then would be implementing an order under the statutory scheme that governs the director of the Department of Insurance, which is Chapter 374. I see. So you think this chapter covers what the director would do on review? Yes. I understand. And then this, that 374.055 also contemplates by its language that there is potentially, they've tried to submit in a reply brief and in conjunction with their reply brief, things that weren't included in the record below before the district court and things that weren't even included in the original briefing with this court or in the addendum. And that is specifically some materials that they claim are orders that are issued under this 374.055, where the director is reviewing the Workers' Compensation Review Board's hearing. And I would submit to the court that even if the court considers those, even though it's not required to given the way they were submitted and aren't in the record properly, even if the court considers those, those seem to reflect exactly what the statute contemplates, which is that perhaps the director of the Department of Insurance originally holds a non-contested or another hearing to review the Determinations Review Board. But then this statute says. I was just going to ask, to go back to my original question before we got into the specifics of the statute, at what point does this de novo start over review happen that's recognized by Missouri statute? What has to happen for the circuit court to be able to employ this procedure? I think there needs to be a final order, which is what the Missouri Constitution requires and what the Administrative Procedure Act also requires, in which if there is a contested case and there's going to be a challenge, that's handled under one provision of the Administrative Procedure Act. If there is a non-contested case, that's handled under a different provision of the Administrative Procedure Act. Two cases that I think are helpful in addressing your question are cited in my brief. One is the Impey case, and the other is the Coleman case. Both are fairly recent Missouri Supreme Court, or excuse me, Missouri Court of Appeals decisions. Discussing exactly this, in the interplay of what happens if you have a situation where you have available administrative appeals that aren't pursued? Does that mean you just get to ignore the whole process and pretend it never happened, and then bring a case in circuit court in Missouri? Or are you bound by what happened in the administrative process if you don't follow and exhaust your administrative appeals? Both of those cases say that if you don't exhaust the administrative appeals process, you're bound by what happened in the administrative proceeding if you didn't appeal it appropriately under the statutes. What if, say in this situation, travelers had just acknowledged that it stuck with the administrative decision? It doesn't want to pursue it further administratively. It just wants to accept the decision that was made. But it thinks that the insured here, even under the terms of that decision, owes it money. What's it to do? What would be its remedy? Well, I think its first remedy, and what ought to happen here, is upon affirmance of the district court's dismissal without prejudice of its claims, what it ought to do, which is a predicate to its claims, is send us a bill, which it's required to do under the insurance contract, for the right amount. And they've admitted, and it's uncontroverted, that the way they are attempting to bill us and the way they're attempting to charge premium does not implement what the determinations review board decided. Okay, so that's my point. The complaint doesn't speak in terms of that board decision. It doesn't speak in terms of the risk apportionment that the board determined on these various employment positions. It's a lawsuit for dollars. And wouldn't that be the recourse if there's a dispute over money after a board decision like this, even if the parties are content to just accept the board decision? At some point it's got to be converted into dollars. So wouldn't this be the appropriate remedy if the parties cannot agree on the amount of dollars that should change hands, if any? I agree with the judge that at some point it all boils down to whether or not, if money is owed, is it paid. But I don't agree that the first step is to forego all administrative processes and go straight to court, regardless of what may have occurred. And I also think that the sending of a bill, there are additional disputes among the parties about how Travelers has implemented the regulations, how it's applied codes, et cetera. And all of those things are sort of subsequent to in determining how those issues play out, how this other issue with the Administrative Review Board and how that decision is implemented, if at all. And so the whole case and all of the claims are sort of inextricably intertwined with this problem that they're trying to ignore an administrative process that they were required to follow. And what should happen is they should go back and implement the board's decision and do in the first place what they should have done and send us a bill for what they claim to be owed under that administrative decision. And then if your client disagrees with that, then what? Well, then I think it's possible there are additional, depending on how the bill is implemented and what it purports to reflect, that there may be additional resort to the Missouri Department of Insurance or the Workers Determination Review Board, and we're just not there yet. And so where the parties are now, with a dismissal without prejudice, nothing has been determined that's somehow controlling or determinative of Travelers' claims other than that they should have, that they're bound by what the Workers Determination Review Board determined about certain of the payroll and the classifications, and now they need to implement that and send us a bill. They're trying to put the cart before the horse. And, Your Honors, just briefly in my remaining time, I'd like to say there are numerous disputes in the record below on the facts in the summary judgment record. And so I don't think this Court has jurisdiction at all to even start to wade into that summary judgment record. This isn't a situation where, in some instances, this Court has recognized that if there's cross motions for summary judgment and one's granted and one's not and there's no dispute as to certain facts, the legal meaning of those may be taken up and the Court may reverse a summary judgment order or implement a summary judgment order in the other way. This is a totally different scenario where the District Court made no fact findings on the summary judgment record, and made simple findings on the fact that there is an administrative order out there that clearly provided a right to appeal, and there's absolutely no dispute that there was never an appeal. And so they should be, at the very least, travelers should be stuck with that, and this Court should not review the summary judgment record from scratch and determine whether or not to grant or to deny summary judgment to one or both parties. So for all those reasons, Your Honors, unless you have more questions, we'd ask that the District Court's order be affirmed. Very well. Thank you, Mr. Gasper. Does Mr. Schenck have time remaining, or is it expired? I think... I think we understand the case. We appreciate your arguments, and the case is submitted. Thank you.